**This order is SIGNED.**



**Dated: June 30, 2017**



**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE: JAMES MAYOROS,<br><br>Debtor. | |
| SUNSET CORNER PROPERTIES, LC;<br>and UNITED STATES TRUSTEE,<br><br>Plaintiffs<br><br>v.<br><br>JAMES MAYOROS,<br>Defendant. | Bankruptcy No. 15-20259<br><br>Chapter 7<br><br>Adversary Case No. 15-02184<br><br>Hon. William T. Thurman |

### MEMORANDUM DECISION

Before the Court is the *Motion for Judgment on the Pleadings* (the "Motion") filed May 31, 2017, by Plaintiffs, Sunset Corner Properties, LC ("Sunset Corner") and the United States Trustee, (the "USTR" and together with Sunset Corner, the "Plaintiffs"), in the above-styled adversary proceeding.[1] This Motion arises in connection with the complaints of Plaintiffs

---

[1] Adversary Case No. 15-02184, Docket No. 43. All future references to the Docket will be to Adversary Case No. 15-02184, unless otherwise specified. The Court granted Plaintiffs' oral motion to amend the scheduling order to allow the filing of the Motion after the dispositive motion deadline set in the scheduling order. *See* Docket No. 47, Order Modifying Order Governing Scheduling and Preliminary Matters.

objecting to the discharge of Debtor, James Mayoros ("Mayoros" or "Debtor") under 11 U.S.C. § 727.[2]

This is a core proceeding under 28 U.S.C. § 157(b)(2)(J), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a), 1334. Notice of the hearing on the Motion is found to be appropriate in all respects.

On June 29, 2017, the Court held a hearing on the Motion (the "Hearing"). At the Hearing, Timothy O. Hemming appeared on behalf of Sunset Corner, Peter Kuhn appeared on behalf of the USTR, Nicholas Chamberlain appeared on behalf of Mayoros, and any other appearances were noted on the record. After the Hearing, the Court took the matter under advisement.

Having reviewed and considered the Motion, the notice of hearing filed in connection with the Motion,[3] the objection to the Motion filed by Mayoros (the "Objection"),[4] Plaintiffs' reply to the Objection,[5] evidence in support of the aforesaid documents, and other relevant matters of record in this case including oral argument at the Hearing, the Court is prepared to rule.[6]

---

[2] Docket No. 18, Order Granting Stipulated Motion To Consolidate Adversary Cases.

[3] Docket No. 46, Notice of Hearing on Motion for Summary Judgment.

[4] Docket No. 49, Memorandum in Opposition to Motion for Summary Judgment.

[5] Docket No. 50, Reply.

[6] On June 30, 2017, the Court issued its findings and conclusions from the bench and reserved the right to issue this written decision. The following discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a) for the limited purpose of ruling on the Motion.

## A. DISCUSSION

### 1) Standard of Review

The Motion is brought under Fed.R.Civ.P. 12(c), which is applicable to this adversary proceeding under Fed.R.Bankr.P. 7012. Rule 12(c) provides: "After the pleadings are closed- but early enough not to delay trial- a party may move for judgment on the pleadings."[7]

In support of the Motion, Plaintiffs primarily rely on the uncontroverted facts in the Court's pretrial order at docket no. 32 (the "Pretrial Order"). The Court is aware of the procedural quandary presented by the Motion and its sole reliance on the facts in the Pretrial Order. Plaintiffs argue that a Rule 12(c) motion may be based on the "pleadings" and "supplemented by any facts of which the Court should take proper judicial notice."[8] The Court is persuaded by Plaintiffs' argument. However, Rule 12(d), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b), states "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[9] Because the parties rely on the Pretrial Order, which is not included in the type of "pleading" set forth in Rule 7,[10] made applicable to

---

[7] Fed.R.Civ.P. 12(c).

[8] Plaintiffs cite to and quote *In re Newbrough*, No. 89 B 8247, 1993 WL 479670, at *2 (Bankr. N.D. Ill. Nov. 8, 1993). The Court is persuaded by the reasoning in this unpublished decision. *See also Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) ("facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment." (citations omitted)).

[9] Fed.R.Civ.P. 12(d).

[10] *See* Fed.R.Civ.P. 7(a) ("Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

this adversary proceeding by Fed.R.Bankr.P. 7007, the Motion will be treated as one for summary judgment under Rule 56.[11]

In *Becker v. Bateman*, the United States Court of Appeals of the Tenth Circuit stated:

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove,* 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation omitted).[12]

With these guiding principles in mind, the Court turns to the Motion.

---

[11] *See Reid v. United States*, 626 F. App'x 766, 768 (10th Cir. 2015) ("Because the parties presented evidence beyond the pleadings, we consider the . . . motion . . . as one for summary judgment."); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249 (10th Cir. 2005) (a "court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are relied upon . . . . [a] motion to dismiss considers the conduct alleged in the complaint, whereas a motion for summary judgment considers the evidence (or lack thereof) upon which the allegations are based. . . . [w]e have recognized however, that a document central to the plaintiffs claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute." (citations omitted)). Mayoros does not dispute the Pretrial Order; however, in his Objection he made contradictory arguments to the undisputed facts contained in the Pretrial Order. As such, the Court is inclined to treat the matter as a motion for summary judgment rather than a motion for judgment on the pleadings. The parties have been given a reasonable opportunity to present all the material that is pertinent to the Motion. The parties have not objected to the Court treating the Motion as a motion for summary judgment and notice of the Motion is not an issue.

[12] *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013). *See also Bird v. West Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (summary judgment standard); *Obermeyer Hydro Accessories, Inc. v. CSI Calendering, Inc.*, 852 F.3d 1008, 1014 (10th Cir. 2017) (same).

### 2) The Pretrial Order Sets out Uncontroverted Facts and all Other Material Facts Concerning Which There is No Genuine Issue

Relying on the Pretrial Order, Plaintiffs assert that there are no controverted material facts in this case. Mayoros agrees that there are no controverted materials facts in the Pretrial Order but also asserts contradictory factual arguments in his Objection to the Motion.[13]

Pursuant to Rule 16(d), well-established case law, and the Local Rules of this Court, the Pretrial Order and contents therein, although not a "pleading" under Rule 7, supersede prior pleadings and control the course of this case, unless modified by the Court.[14] Mayoros has not sought to modify the Pretrial Order.[15]

The only issues of law the parties have presented in the Pretrial Order are whether the facts and evidence are sufficient to prove the allegations in Count I and II. The Court will

---

[13] *See* Debtor's Objection, p. 3 "Plaintiffs' Motion for Judgment on the Pleadings correctly states the legal threshold for consideration of such a motion but stops short of stating any law showing how the **agreed upon facts** amount to concealment or fraud." (Emphasis added). Mayoros also argues that he did not have any assets of value to disclose in his bankruptcy.

[14] *See Hullman v. Bd. of Trs. of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991) ("A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment.") (citation omitted); *Amphibious Partners, LLC, v. Redman*, 534 F.3d 1357 (10th Cir. 2008) ("[a] pretrial order is the result of a process in which *counsel* define the issues of fact and law to be decided at trial, and it binds counsel to that definition") (citation omitted); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (claims and issues not included in the pretrial order are waived even if they appeared in the complaint); *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (final pretrial orders govern the proceedings); *The Law Company, Inc. v. Mohawk Construction and Supply Co.*, Inc., 577 F.3d 1164 (10th Cir. 2009) (same). *See also* Bankr. D. Ut. LBR 7016-1 (h) ("The court will . . . determine a final form for the pretrial order and advise the parties. Thereafter, the order will control the course of the trial and may not be amended except by consent of the parties and the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged into the order.").

[15] *See In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000) (party seeking to withdraw stipulations in pretrial order must show good reason for the request).

address each count in turn to determine if Plaintiffs are entitled to summary judgment on Counts

I and II.

### 3) Count I- 11 U.S.C. § 727(a)(2)(A) and (B)[16]

Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate
charged with custody of property under this title, has transferred, removed, destroyed,
mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated,
or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition [.][17]

To obtain a denial of discharge under § 727(a)(2)(A), the objecting party must prove the

following elements: (1) the debtor transferred, removed, destroyed, mutilated or concealed

property; (2) belonging to the debtor; (3) within one year of filing the petition; and (4) with the

intent to hinder, delay or defraud a creditor of the estate.[18] The elements of § 727(a)(2)(B) are

largely the same except that the objecting party must prove that the debtor transferred or

concealed property of the estate after the bankruptcy petition was filed.[19] "As the statutory

language makes clear, denial of discharge need not rest on a finding of intent to defraud. Intent to

---

[16] All subsequent statutory references are to title 11 of the United States Code unless
otherwise indicated.

[17] 11 U.S.C. § 727(a)(2).

[18] *See In re Seay*, 215 B.R. 780, 788–89 (10th Cir. BAP 1997).

[19] *In re Butler*, 377 B.R. 895, 915 (Bankr. D. Utah 2006).

hinder or delay is sufficient."[20] An intent to improperly make it more difficult for creditors to reasonably collect on their debts is sufficient for a finding of "intent to hinder or delay."[21]

      *a. Findings of Facts*

As established by the uncontroverted facts in the Pretrial Order, there is no genuine dispute as to the following material facts:

<u>Well Fargo Bank Transfers</u>

1.  On April 12, 2012, the Fifth Judicial District Court in and for Washington County, State of Utah, entered a judgment against Mayoros in favor of Sunset Corner. The judgment was recorded in the Washington County Utah Recorder's office on May 11, 2012, as Doc ID 20120015772.[22]

2.  Allison Mayoros, had a separate bank account at Wells Fargo Bank, on which Mayoros was not a signer, which was set up when the state court litigation commenced with Sunset Corner to protect the funds from garnishment.[23]

3.  Any money Mayoros and his wife had would go into that account.[24]

4.  The Wells Fargo Bank Account remained open following the filing of the petition initiating the bankruptcy case. Regular cash deposits ranging from $3,000.00 - $10,000.00 per

---

[20] *Id.* (citations and internal quotations omitted).

[21] *Id.*

[22] Pretrial Order, ¶ 1.

[23] Pretrial Order, ¶ 34, 51.

[24] Pretrial Oder, ¶ 35.

month were deposited into that account within the one year period before the petition date, which was January 14, 2015.[25]

Transfer of Funds to Black Beard

5.   On Mayoros' statements and schedules he listed an interest in Pirate Island Pizza of St. George Inc. from December 20, 2006 – February 22, 2010, and an interest in Pirate Island Trading Company from November 24, 2010 – February 27, 2012.[26]

6.   The appointed Chapter 7 Trustee, Michael Thomson, learned that Mayoros may have had an interest in BlackBeard Foods, LLC ("Black Beard") the company operating Pirate Island Pizza.[27]

7.   On June 24, 2015, Mayoros appeared at a Bankruptcy Rule 2004 examination wherein he testified he had been involved in a business venture by the name of Black Beard. Mayoros testified he had an ownership interest in Black Beard. He further testified that he directed his spouse, Allison Mayoros, be added as an owner member of Black Beard rather than himself to specifically avoid the reach Sunset Corner's judgment against him.[28]

8.   Allison Mayoros was added as an owner member of Black Beard on January 28, 2014.[29] Allison Mayoros, in regards to the ownership of Black Beard, was the legal nominee of Mayoros in all respects as acknowledged by both Jim Mayoros and Allison Mayoros.[30]

---

[25] Pretrial Order, ¶ 36.

[26] Pretrial Order, ¶ 5.

[27] Pretrial Order, ¶ 14.

[28] Pretrial Order, ¶ 19, 70.

[29] Pretrial Order, ¶ 66.

[30] Pretrial Order, ¶ 22.

8

9.   On December 19, 2013, Jim Mayoros and Allison Mayoros received $55,000.00 from their in-laws, Ron and Brenda Myers. These funds were deposited into Jim and Allison Mayoros' joint personal checking account at Cache Valley Bank.[31]

10. The $55,000.00 was supposed to fund Pirate Island Pizza.[32] Of those funds, $14,000.00 was transferred to the Black Beard bank account at Cache Valley Bank.[33] The remaining $31,500.00 remained in the Mayoros' joint personal checking account at Cache Valley Bank.[34]

11. Jim Mayoros was a signer on the Black Beard bank account at Cache Valley Bank.[35]

12. Jim Mayoros did not disclose his interest in Black Beard or the Black Beard bank account at Cache Valley Bank in his statements and schedules or his amended statement of financial affairs.[36]

13. Mayoros also executed documents transferring Black Beard assets to other entities.[37]

14. Mayoros filed for bankruptcy on January 14, 2015,[38] and this adversary case was filed September 14, 2015.

---

[31] Pretrial Order, ¶ 25.

[32] Pretrial Order, ¶ 27, 28.

[33] Pretrial Order, ¶ 29.

[34] *Id.*

[35] Pretrial Order, ¶ 39.

[36] Pretrial Order, ¶ 40.

[37] Pretrial Order, ¶ 43.

[38] Case No. 15-20259.

Mayoros concedes in his Objection that the "original intent" of his actions, as stated in the Pretrial Order, "was to avoid Plaintiffs."[39]

    b. *Analysis*

Based on the above-mentioned undisputed material facts, the Court concludes that Mayoros transferred his money into the Wells Fargo Bank account opened in his wife's name so that he could avoid the reach of those assets by Sunset Corners and make it more difficult for Sunset Corners to reasonably collect on its judgment. The Court also concludes that Mayoros transferred property into and away from Black Beard and the Black Beard bank account at Cache Valley Bank for the purposes of avoiding Sunset Corners and its collection efforts. The Wells Fargo Bank and Black Beard transfers were made within one year of Mayoros filing his bankruptcy petition.

The Court finds and concludes that there are no genuine issues of material fact and thus summary judgment is appropriate under Count I. Accordingly, Plaintiffs are entitled to summary judgment on Count I under § 727(a)(2)(A).

### 4) Count II- 11 U.S.C. § 727(a)(4)(A)

Section 727(a)(4) provides:

    (a) The court shall grant the debtor a discharge, unless

    . . .

    (4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account [.][40]

---

[39] Objection, p. 2.

[40] 11 U.S.C. § 727(a)(4).

To deny a debtor's discharge under § 727(a)(4)(A), a bankruptcy court must find that: 1) the debtor made a false statement under oath; 2) knowing it to be false; 3) with fraudulent intent; and 4) the statement was material.[41] Like § 727(a)(2), fraudulent intent under § 727(a)(4) "may be deduced from the facts and circumstances of a case."[42] A statement or omission is "material" under § 727(a)(4) "if it bears a relationship to the [debtor's] business transactions or estate, or concerns the . . . existence and disposition of his property."[43] The intentional and fraudulent omission of assets from the debtor's Statement of Financial Affairs or schedules can constitute a false oath under § 727(a)(4).[44]

### a. Findings of Fact

As established by the uncontroverted facts in the Pretrial Order, there is no genuine dispute as to the following material facts, in addition to the previously stated facts:

1. Mayoros testified that he had possession of several videogames that are assets of Black Beard that were not disclosed on his original statements and schedules.[45]

2. During the Bankruptcy Rule 2004 examination, Mayoros disclosed that he held other property, including couches owned by his sister in law, a trailer owned by his father in law, and

---

[41] *In re Wagner*, 527 B.R. 416, 430 (10th Cir. BAP 2015) (citations omitted); *In re Kidd*, No. AP 11-05291, 2015 WL 6437480, at *9 (10th Cir. BAP Oct. 23, 2015) (citations omitted).

[42] *U.S. Tr. v. Garland (In re Garland)*, 417 B.R. 805, 810 (10th Cir. BAP 2009).

[43] *Id.* at 814.

[44] *Id.* at 814 (for purposes of § 727(a)(4)(A), a false oath may be an "omission in the debtor's schedules . . . ." (quoting 6–27 Collier on Bankruptcy ¶ 727.04[1][c] (15th ed. rev. 2009))). *See also In re Calder*, 907 F.2d 953, 955 (10th Cir. 1990) ("an omission of assets from a Statement of Affairs may constitute a false oath under section 727(a)(4)(A).").

[45] Pretrial Order, ¶ 24.

vehicles including a Chevy Silverado owned by his wife, a Grand Am owned by his mother, and a minivan owned by his wife's parents, that were not included on his statements and schedules.[46]

3.    The Chapter 7 Trustee directed Mayoros to amend his Statement of Financial Affairs to include such property.[47]

4.    Mayoros amended his Statement of Financial Affairs but did not include all of the property he disclosed at his Bankruptcy Rule 2004 examination including any information regarding the Black Beard business.[48]

   b.    *Analysis*

Mayoros argues that his omission was not "material" because the property at issue had no value. This argument falls short because the Tenth Circuit principle is clear that "[m]ateriality is not defeated by the fact that the undisclosed property interests are determined to be without value."[49] "Debtors have an uncompromising duty to disclose whatever ownership interest they hold in property, and they must disclose everything, rather than make decisions about what they deem important enough for parties in interest to know."[50]

---

[46] Pretrial Order, ¶ 31.

[47] Pretrial Order, ¶ 32.

[48] Pretrial Order, ¶ 33.

[49] *In re Garland*, 417 B.R. at 814 (citing *In re Calder*, 907 F.2d at 955 ("Calder has argued that he should not be denied a discharge of his debts because the undisclosed bank accounts and mineral interest were worthless assets. However, a 'recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted . . . information concerned a worthless business relationship or holding; such a defense is specious.'") (citation omitted)).

[50] *Id.* (internal quotations and citations omitted).

Mayoros also argues that he disclosed the assets at issue to the chapter 7 trustee at the Bankruptcy Rule 2004 exam and therefore his omission was not "fraudulent." It is true that "[t]he fact that a debtor comes forward with omitted material of his own accord is strong evidence that there was no fraudulent intent in the omission."[51] However, that is not the case here. Mayoros' omissions were not inadvertent and a result of an honest error or mere inaccuracy. Mayoros' fraudulent intent can be deduced in light of his admission that his "original intent was to avoid" Sunset Corners.[52]

There are no genuine issues of material fact that would necessitate a trial on Count II. Mayoros knowingly and fraudulently omitted information from his Statement of Financial Affairs. This omission was material and not inadvertent. Accordingly, Plaintiffs are entitled to summary judgment on Count II under 11 U.S.C. 727(a)(4)(A).

## B.  CONCLUSION

The undisputed facts in the Pretrial Order support a judgment for the relief requested, which is a denial of Mayoros' discharge under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A). Accordingly, summary judgment in favor of Plaintiffs is appropriate, and this action must be dismissed.

A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

---

[51] *In re Brown*, 108 F.3d 1290, 1295 (10th Cir. 1997) (citing 6 Collier on Bankruptcy § 727.04(2) (15th ed. rev. 1996) (stating items omitted by honest mistake should not be grounds for denial of discharge)).

[52] Objection, p. 2.

## <u>DESIGNATION OF PARTIES TO RECEIVE NOTICE</u>

Service of the foregoing **MEMORANDUM DECISION** shall be served to the parties and in the manner designated below:

**By Electronic Service:** ECF LIST

- Nicholas I Chamberlain     chambynic@gmail.com, wynter@silverstatelaw.com
- Timothy O. Hemming     themming@djplaw.com
- Peter J. Kuhn     Peter.J.Kuhn@usdoj.gov
- Peter J. Kuhn tr     Peter.J.Kuhn@usdoj.gov,
  James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Elijah L. Milne     emilne@djplaw.com, pbricker@djplaw.com
- Bryan J. Pattison     bpattison@djplaw.com

**By U.S. Mail/ Manual Notice List**:

None.